RIVERA, ADMINISTRADOR JUDICIAL, DEMANDANTE Y APELADO, *v.* NORTH BRITISH AND MERCANTILE INSURANCE CO., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de póliza de seguro contra incendio.

MOCIÓN del demandante y apelado para que se desestime la apelación por no haberse presentado la transcripción de autos.

No. 1597.—Resuelto en diciembre 15, 1916.

EXPOSICIÓN DEL CASO—PRÓRROGA INDEFINIDA PARA PRESENTARLA—ELIMINACIÓN—APELACIÓN CONTRA LA SENTENCIA—TRANSCRIPCIÓN DE AUTOS.—Cuando a solicitud del apelante la corte sentenciadora le concede una prórroga que por ser indefinida es nula, para presentar el pliego de exposición del caso, y éste es radicado fuera de término y se ordena su eliminación, el término para archivar en el Tribunal Supremo la transcripción de autos en la apelación contra la sentencia empieza a correr desde la fecha de la presentación del escrito de apelación.

ID.—TRANSCRIPCIÓN DE AUTOS—TÉRMINO PARA RADICARLA CUANDO LA EXPOSICIÓN DEL CASO ES PRESENTADA EN TIEMPO.—Cuando la exposición del caso es presentada a su debido tiempo o dentro de una prórroga legalmente concedida, el término para radicar en el Tribunal Supremo la transcripción de autos (arts. 299 enmendado en 1911 del Código de Enjuiciamiento Civil, y 40 del Reglamento del Tribunal Supremo) empieza a correr desde la fecha de la resolución definitiva del juez sentenciador aprobando o negándose a aprobar dicha exposición.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Martínez & Iriarte.*

Abogado del apelado: *Sr. José A. Poventud.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de Ponce dictó sentencia con fecha 26 de junio en el caso arriba expresado y en julio 26 la de-

mandada y apelante radicó su escrito de apelación y solicitó y obtuvo una prórroga de veinte días desde la fecha de la entrega del récord por el taquígrafo para la presentación del pliego de exposición del caso que fué radicado algunos días después de vencido el término legal.

Posteriormente, en agosto 18, el demandante y apelado presentó una moción a la corte para que dejara sin efecto su orden de julio 26, negara su aprobación de dicha exposición y se eliminara dicho pliego de exposición de los autos. En 25 de noviembre el juez sentenciador declaró con lugar la moción, dejó sin efecto la orden de fecha julio 26, que tenía el carácter de prórroga indefinida y se negó a prestar su aprobación a la exposición del caso. La demandada y apelante también interpuso apelación contra dicha orden.

El demandante y apelado solicita ahora de este tribunal que desestime la apelación interpuesta contra la sentencia de junio 26, por el fundamento de que el apelante no ha radicado su transcripción dentro del término de treinta días a partir de la fecha de la radicación del escrito de apelación.

La demandada y apelante insiste en haber sido inducida a error debido a la orden de la corte de distrito de julio 26, pero la corte meramente trató de conceder la prórroga indefinida que fué solicitada por la misma demandada y apelante diez y ocho meses después de la sentencia de este tribunal en el caso de *Belaval* v. *Córdova Dávila,* 21 D. P. R 537, y la alegación carece por completo de fundamento. La única otra excusa que se ha presentado es la de que la demandada y apelante ''esperaba la resolución de la corte de distrito a la moción presentada por el demandante y apelado para saber si debía o no incluir en el récord del caso copia de la exposición del caso presentada a la Corte de Distrito de Ponce dentro de la prórroga concedida por dicha corte.'' Todo lo que puede contestarse a esto es que después de la radicación de la moción en la corte de distrito y antes de expirar el término legal para la presentación de la transcripción, la apelante tuvo tiempo suficiente para solici-

tar de este tribunal una prórroga en este sentido, pero nada hizo.

Es verdad que cuando se presenta una exposición del caso a la corte sentenciadora dentro del término legal o dentro de cualquier prórroga válida del mismo, entonces el término mencionado en el artículo 299 del Código de Enjuiciamiento Civil y en la regla 40 de este tribunal empieza a correr desde la fecha de la resolución definitiva del juez sentenciador, bien aprobando, o negándose en definitiva a aprobar dicha exposición. Pero en el presente caso la orden concediendo la llamada prórroga era enteramente nula y sin ningún valor por falta de jurisdicción de donde se desprende que la exposición vino demasiado tarde y los 30 días dentro de los cuales la apelante podría haber radicado su transcripción o haber solicitado de este tribunal una prórroga del término para radicar la misma tiene que resolverse que empieza a correr a partir de la fecha de la presentación del escrito de apelación. *Ciuró* v. *Ciuró,* 20 D. P. R. 38; *Valle* v. *Martí,* 21 D. P. R. 494; *Belaval* v. *Todd,* 21 D. P. R. 441, 22 D. P. R. 129; *Guardian Assurance Co.* v. *López Acosta* (pág. 637).

Los hechos arriba referidos no revelan ninguna razón por la que deba considerarse que este caso es una excepción a la regla y a falta de alguna constancia en cuanto a los méritos de la apelación que ha sido perfeccionada contra la orden negando la aprobación de la exposición del caso, la apelación interpuesta contra la sentencia de junio 26, debe ser desestimada sin perjuicio de que dicha apelación pueda ser restablecida si se considerare luego que es necesario revocar la orden de noviembre 25, 1916.

> *Desestimada la apelación sin perjuicio de que pueda ser restablecida si se considerare luego que es necesario revocar la orden eliminando el pliego de exposición del caso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.